```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

ERIC GRIFFIN,                    )
                                 )
             Plaintiff,          )
                                 )
v.                               )        Case No. CIV-13-199-FHS-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
             Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Eric Griffin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 26, 1960 and was 51 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant worked in the past as a truck driver, car wash attendant, stocker, and lumber yard worker. Claimant alleges an inability to work beginning March 1, 2005 due to limitations arising from back, shoulder, right knee, and leg

problems.

**Procedural History**

On February 12, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 10, 2009, an administrative hearing was held before the Administrative Law Judge ("ALJ"). Thereafter, on September 29, 2009, the ALJ issued an unfavorable decision. While the case was pending review before the Appeals Council, Claimant filed new applications for benefits. These applications resulted in a finding that Claimant was disabled on September 30, 2009. The matter was remanded to the ALJ to determine whether Claimant was entitled to benefits between March 1, 2005 and September 30, 2009.

After a second administrative hearing on December 2, 2011, the ALJ Osly F. Deramus issued an unfavorable decision on January 12, 2012. On March 8, 2013, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform sedentary work with limitations prior to January 1, 2009.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in that his decision was not supported by substantial evidence.

**Presence of Substantial Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, status post lumbar laminectomy and fusion at L5-S1, right knee arthritis, status post arthroscopic surgery of the right knee in 2006, obesity, and adjustment disorder. (Tr. 27). The ALJ found that prior to January 1, 2009, Claimant retained the RFC to perform a sedentary work except that he could not crouch, crawl, or kneel. He could only occasionally climb stairs but could never climb ladders. Due to psychologically based factors, Claimant could perform simple, routine, repetitive tasks. He was able to interact with supervisors and co-workers on a superficial work basis, but could not work with the general public. (Tr. 28).

After January 1, 2009, the ALJ entered an identical RFC except he concluded that Claimant was unable to complete a normal 8 hour

workday or 40 hour work week. Therefore, he was unable to perform even sedentary work on a sustained basis. (Tr. 31).

Prior to January 1, 2009, the ALJ determined after consultation with a vocational expert that Claimant could perform the representative jobs of optical assembler, touch up screener, and hand suture winder. (Tr. 33). The vocational expert determined these jobs existed in sufficient numbers in the regional and national economies. Id.

Claimant contends the ALJ could not have reached identical RFC assessments for the two periods at issue but then concluded on the second that Claimant could not perform for an 8 hour day or complete work week. Certainly, if the ALJ has support in the medical record for an additional limitation which restricts Claimant's ability to engage in basic work activities, he may reach a different RFC for a different time period.

The ALJ expressly states that he gave "great weight" to the opinion of Dr. Barbara Felkins in arriving at both RFCs. (Tr. 30-31). The ALJ noted that prior to January 1, 2009, Claimant received very little in the way of any actual mental health treatment. During this time when he was treated at the Carl Albert Community Mental Health Center, Claimant was non-compliant with treatment and failed to appear for numerous appointments. (Tr.

30). The ALJ also cites to Dr. Felkins' report in stating she found Claimant's IQ scores during testing on June 22, 2009 "could have been affected by claimant's vision problems and headache during the exam, as well as possible substance abuse." (Tr. 30-31). Claimant had underwent testing with Dr. Randy Crittenden in June of 2009 wherein Claimant had a full scale IQ of 62 and a GAF of 52. (Tr. 800-02). In fact, Dr. Felkins noted the low testing but stated "claimant had vision problems and headache and unclear role of substance abuse." (Tr. 805). In his detailed notes for the examination, Dr. Crittenden expressly stated that while Claimant used reading glasses because of blurry vision, Claimant's "visual/auditory acuity appeared adequate for purposes of this examination." (Tr. 794). He also found Claimant had "[n]o readily observable signs of drug or alcohol abuse" which were revealed during the evaluation. (Tr. 799). Any suggestion to the contrary represented rank speculation on both the ALJ's and Dr. Felkins' part. Moreover, Dr. Felkins admits in her report that she was not provided with the information that resulted in the finding of disability after September of 2009. (Tr. 805). The ALJ's substantial reliance upon Dr. Felkins' opinion under such circumstances without more represents an unsupportable conclusion. On remand, the ALJ shall examine Dr. Crittenden's findings for what

7

they actually state rather than through the filter of Dr. Felkins' interpretation. Further, should the ALJ need to recontact the mental health professionals at Carl Albert who rendered treatment to Claimant or employ a consultative examiner to focus upon his mental status prior to January 1, 2009, he should avail himself of that evidence in re-evaluating his RFC assessment for this time period. The RFC subsequent to January 1, 2009 is supported by substantial evidence.

Claimant also contends he suffered from back problems in the earlier period dating back to 2005. However, much of the medical information indicating problems pre-dated his December 2005 posterolateral lumbar laminectomy and fusion at L5-S1 and would have been affected by this later procedure. (Tr. 524, 545, 547, 555, 574-75). To the extent the ALJ finds other conditions existed at the time which might affect his pre-January 1, 2009 RFC in combination with his mental impairments and obesity, he should consider them in his evaluation.

Claimant asserts the ALJ failed to set forth the weight he gave to the opinions of Dr. James Rodgers, Claimant's treating physician and workers' compensation evaluator. On remand, the ALJ should provide the weight given to Dr. Rodgers' opinions after evaluating the totality of his medical findings.

8

The ALJ rejected the various disability ratings contained in Dr. Rodgers' treatment notes, contending he is not bound by the workers' compensation disability findings. "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the [agency's] disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). In this case, the ALJ discussed some of the statements in the reports referencing Claimant's disability rating from workers' compensation but did not evaluate the basis for the disability rating itself. As a result, the ALJ will be required to engage in this level of specific analysis on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

9

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE